## JAMES S. WOODSIDE, Assignee, *vs.* F. DORSEY GRAFFLIN.

*Right of Owner of Stock Pledged by Agent Without Authority to Follow Proceeds When Agent Has Made a Deed of Trust for Creditors—Use of Proceeds of Property by Agent for Benefit of Principal—Subrogation—Appeal by Trustee—Final Order.*

Petitioner, who was entitled to an interest in certain shares of stock as distributee of an estate, executed a power of attorney to a co-owner authorizing him to manage these shares as well as other property for the benefit and convenience of all the owners. This agent caused the shares to be put into his own name and pledged them as security for a personal loan to himself. He afterwards made to defendant a deed of trust for the benefit of his creditors. The defendant paid

off the loan and released the shares of stock. A petition was filed in the cause in which defendant administered the trust estate as assignee for creditors, setting forth the claims of the joint owners of the stock and the evidence established the allegations. *Held,*

1st. That the agent held the shares of stock so transferred to him in trust and the petitioner is entitled to his share of them or their proceeds against the trustee and all parties other than *bona fide* purchasers for value, and is not merely remitted to the enforcement of a claim as a general creditor of the agent.

2nd. That the fact that the agent may have used the proceeds of the pledge for the benefit of a corporation in which all the parties were interested does not throw upon the petitioner the burden of proving that such proceeds were not used for his benefit; and the evidence in the case was to the contrary.

3rd. That because the trustee used the funds of the estate in paying the debt for which the stock was pledged does not entitle him to be subrogated to the rights of the pledgee.

An appeal lies from an order directing a trustee under a deed for the benefit of creditors to pay a sum of money claimed to be due as the proceeds of property held in trust by the grantor in the deed.

A trustee for the benefit of creditors has a right to appeal from a decree where the question of the increase or diminution of the whole fund in his hands is involved, which enures to the benefit or loss of all the creditors.

Appeal from a decree of the Court for Baltimore County (FOWLER, C. J., and BURKE J.)

*Skipwith Wilmer* and *R. Lee Slingluff* (with whom were *Fielder C. Slingluff* and *Barton, Wilmer, Ambler & Stewart* on the brief) for the appellant.

*Edward I. Koontz* (with whom was *George Whitelock* on the brief) for the appellee.

JONES, J., delivered the opinion of the Court.

This is an appeal from a decretal order of the Circuit Court for Baltimore County, sitting in Equity, passed under the following circumstances. On the 12th day of December, 1894, Frederick L. Grafflin executed to James S. Woodside, the appellant in this case, a deed of trust of all his, the grantor's, property of every description for the benefit of the

creditors of the said Grafflin. Woodside accepted the trust under this deed and having entered upon the discharge of his duties as trustee, applied to the Circuit Court for Baltimore County to assume jurisdiction of the trust, and to direct the administration thereof. The Court by its order of the 10th of September, 1895, took jurisdiction accordingly. On the 6th day of March, 1897, the appellant filed a petition stating that he held for the trust estate a certificate for 50 shares of stock of the Third National Bank of Baltimore and asking for authority to sell the same ; and obtained an order authorizing the sale. Before the sale of this stock under the order thus obtained a petition was filed in the cause by F. Dorsey Grafflin, the appellee, and Emma C. Grafflin and Edith B. Grafflin, his sisters, alleging that prior to the execution by Frederick L. Grafflin of the deed of trust to the appellant the petitioners received together with Frederick L. Grafflin, the grantor in the deed, from the estate of their deceased father, fifty shares of the capital stock of the Third National Bank of Baltimore, and after receiving said stock they executed to the said grantor a power of attorney to act as their agent and placed this stock in his possession together with other securities ; that the stock was transferred to him as attorney and thereafter was by him, in his capacity as attorney, transferred to himself and a certificate therefor was issued to him in his own name ; that prior to the making of the deed of trust to the appellant the grantor had pledged as collateral security for a debt due by him these fifty shares of stock ; that the loan so made by Frederick L. Grafflin was, after the execution of the deed of trust to the appellant, renewed by him (the appellant) upon the pledge of the same stock together with other stock belonging to the said Frederick L. Grafflin individually ; that the appellant finally sold this last named stock belonging to Frederick L. Grafflin in his individual capacity for a sufficient amount to pay off the whole loan for which the stock had been so pledged and that the fifty shares of Third National Bank stock to which the petitioners were entitled jointly

with the said Frederick were thus released and freed from the pledge to which it was subject at the time of the execution of the deed of trust, and the petitioners insisted that they were entitled to an order of Court directing the appellant, trustee, to retransfer and return to them the said fifty shares of stock to the extent of three-fourths of the same, and prayed that an order be passed accordingly. The appellant filed an answer to this petition in which he did not deny the ownership of the stock in question by the father of the petitioners nor that it had, by his death, devolved upon the petitioners and their brother, as they had alleged in their petition, nor did he deny that his grantor had become possessed of the same and transferred it to his own name in the manner alleged, but admitted that the stock in question had come into his possession as trustee substantially as alleged and that the same had become released from pledge as stated. On the 22nd of December, 1898, the appellant filed in the cause a petition in which he says " that among the assets which came into his hands were certain stocks which belonged to the estate of the father of the said Frederick L. Grafflin, and which he had gotten into his possession, and which had been transferred to his own name ;" and alleging that the appellee and his sisters had filed their petition claiming three-fourths of this stock and praying for an order to have the said three-fourths thereof transferred to them, &c., and then states that " included among said stock are fifty (50) shares of the Third National Bank, which he had now in his possession and which he had already obtained an order of Court to sell." The trustee (appellant), however, claims to hold this stock for the benefit of the creditors of Frederick L. Grafflin, and insists that before he is required to surrender the same its face market value ought to be paid to him " or that the petitioners should be remitted to the proof of their claim against the estate of Frederick L. Grafflin, if the stock really belongs to them, and a participation as common creditors in the dividends to be declared by him as assignee under

the deed of trust." Thereafter the National Farmers' and Planters' Bank intervened in the cause as creditor of Frederick L. Grafflin by petition asking to be made party defendant, alleging that the claim of the appellee and his sisters to the stock in question, which they had set up in their petition, was not well founded, and adopting the answer of the trustee in order to contest the said claim on its behalf and that of other creditors. Upon this state of pleading proof was taken upon which the case was submitted to the Court and the decree or order was passed from which this appeal was taken by the appellant, the trustee under the aforementioned deed of trust. Prior to the passing of the order appealed from the two sisters of, and joint petitioners with the appellee, settled their claims by a compromise with the trustee, leaving the appellee the sole contestant for the property in question, or for his share of the same ; and the shares of stock in question having been sold it was agreed at the hearing of the case below, as appears from the opinion of the Court, that " if the controversy should finally be decided in favor of the " appellee " he should receive in lieu of the stock his proportionate share of the proceeds thereof, and accrued dividends and interest." The decree or order being in favor of the appellee he was awarded such share in pursuance of this agreement. In the course of the taking of testimony in the case, the powers of attorney executed by the two sisters of Frederick L. Grafflin and referred to in the petition filed by them and appellee were put in evidence ; but the record does not show any such power of attorney from the appellee. However, as it is alleged in the petition and shown by the testimony of Frederick L. Grafflin as well as by that of the appellee, when examined as a witness, that Frederick L. Grafflin held from the appellee a power of attorney of the same purport and character as those executed by the sisters, and the case has been presented upon that assumption the existence of the power of attorney from the appellee may be taken for granted. Without reciting this power of attorney at large

it may be said that it conferred upon Frederick L. Grafflin very ample powers in dealing with the property that passed into his possession and control under it. It, however, by no means authorized him to convert this property to his own use, but only to manage and deal with it for the benefit and convenience of the owners ; and under it he became their fiduciary agent. This property, therefore, however much it might be altered or changed in its nature or character, and all the fruit thereof, whether in its original or altered state, was subject to a trust, as between the agent or trustee and all parties claiming under him, otherwise than by purchase for a valuable consideration without notice, and the owners thereof; and as long as the same could be traced and identified the owners as between themselves and all such parties will receive the aid of a Court of Equity to protect them against the consequences of a wrongful conversion. *Englar* v. *Offutt, Trustee,* 70 Md. 78 ; *Duckett* v. *Bank of Baltimore,* 88 Md. 8. The proof here shows most clearly the ownership of the property in question by the appellee jointly with his sisters, and the circumstances under which it came into the possession of the appellant and his grantor. Indeed, there was no contradiction in the testimony on this point, just as there was no denial in the pleadings of the allegations made in that regard by the appellee and his co-owners. But it is urged that as there is evidence going to show that the proceeds of the pledge of the property in question went to the credit and benefit of a corporation in which the owners of this property were jointly interested with their agent, and of which they and he were practically the owners that the burden of proof is put upon these owners to show that these proceeds were not used for their benefit. To this proposition we cannot yield assent. There is a distinct difference between this agent using the proceeds of the pledge of the property in the business of the corporation in which he and his *cestui que trustent* were jointly interested, and using them for their benefit. For all that appears here in the proof he may

have been indebted at the time to the corporation for which the funds were so used to the full amount of such funds. To give probative force to the evidence in question some-thing ought to have appeared with reference to the state of account between this fiduciary and the corporation or its owners. But even if such application of the funds when standing alone in evidence afforded the presumption contended for, clearly, it would seem, this cannot be the case here when we must take it in connection with the distinct testimony of the only witness who could testify to the actual fact, Frederick L. Grafflin, repeated and emphasized by him, that the pledge of the property in question was made for his own account and that " the money was used in connection with personal transactions." Again it is urged that as the appellant was compelled to use funds of the trust estate to discharge the debt, to the payment of which the stock in question was pledged, he is entitled to be subrogated to the rights of the pledgee of the stock. However this might be if the proof established the fact that the pledge of the stock was made for the benefit of the appellee and his co-owners, this principle of subrogation cannot be applied here because, as we have seen, the proof in the cause does not establish such fact, even *prima facie*, and the evidence relied upon as tending to prove it is pointedly contradicted. If Frederick L. Grafflin, before making the deed to the appellant under which the latter is here acting, had paid off the debt for which appellee's property was pledged at the date of the deed, the right to the property would have been restored to the appellee free of encumbrance, because Frederick L. Grafflin would simply have been paying his own debt. The appellant occupies no better position in this regard than his grantor, as is admitted. There has been no dispute or difference of views as to any legal question involved in this case and so far as the merits of the case are concerned the question for our determination is entirely one of fact, and, without prolonging the discussion, enough has been said to indicate our

concurrence in the conclusions reached in the case by the Circuit Court for Baltimore County.

A motion has been made to dismiss the appeal here which becomes of no practical importance in view of the conclusions reached upon the merits of the case. The grounds of the motion are that no appeal lies from the order from which the appeal was taken ; and that the appellant being "a conventional trustee under a deed of trust" has no interest in the subject-matter of this controversy.

As to the first ground of the motion we may adopt as most accurately and aptly describing the character and effect of the order appealed from in this case the language of the Court in the case of *Thompson* v. *McKim*, 6 H. and J. at page 329. " The order was passed upon the issue in the cause relative to the subject-matter in dispute and involves a decision of the question of right between the parties. It is of a character to draw after it the coercive process of the Court of Chancery, and as distinctly decides the matter in controversy   *   *   *   as if it was a final decree, and if wrong, is as much calculated to aggrieve the party, and therefore as properly the subject of appeal."

As to the second ground of the motion it is equally untenable. In the cases of *Frey* v. *Shrewsbury Sav. Inst.* and *McColgan* v. *McLaughlin*, both in 58 Md., the first reported at page 151 and the other at page 499, it was laid down that a conventional trustee can appeal "where the question of the increase or diminution of the whole fund in his hands is involved and which increase or diminution enures to the benefit or loss of all the creditors." That the order here will effect a diminution of the whole fund in the hands of the trustee to be applied to the payment of the creditors is too plain for discussion.   .

It results from the foregoing views that the motion to dismiss this appeal must be overruled and that the order of the Circuit Court for Baltimore County, which is the subject of the appeal, must be affirmed.

*Order affirmed.*

(Decided June 15th, 1900.)